## A92A1125. COOPER v. THE STATE.
(424 SE2d 896)

COOPER, Judge.

Appellant was charged with violations of the Georgia Controlled Substances Act. Following his conviction by a jury, he appeals from the judgment of conviction entered on the verdict and the denial of his motion for new trial.

Appellant was first arrested in September 1990 when an officer with the Atlanta Police Department observed appellant sitting in the parking lot of a housing project holding a clear plastic bag in his hand. As the officer approached appellant, appellant attempted to conceal the plastic bag. However, the officer retrieved the bag which contained four pieces of crack cocaine. Appellant was arrested and charged with possession of cocaine and released on bond. Approximately two months later, while appellant was released on bond, the same officer saw appellant in the housing project and observed several persons approach appellant and exchange money for small packages which appeared to contain drugs. The officer saw appellant enter one of the apartments and obtained a no-knock search warrant for that apartment. Approximately three days later, the police executed the search warrant and found appellant sitting at a table with over 100 pieces of crack cocaine, bags and other utensils used to cut and package the cocaine, a gun and money. The officers also found numerous weapons, as well as ammunition, and expensive clothes and 20 to 30 pairs of new tennis shoes. Appellant's girl friend was present in the apartment and was also arrested and charged with possession of cocaine with intent to distribute. After appellant was read his *Miranda* rights, he stated that the cocaine belonged to him and not to his girl friend.

1. Appellant contends in two enumerations of error that the trial court erred in allowing the prosecutor to elicit testimony concerning the expensive clothes and shoes and the types of weapons and ammunition found during the search of the apartment. One of the officers testified that it was customary during a drug raid to find excessive amounts of clothes and tennis shoes. The prosecutor stated that the testimony regarding the guns and ammunition was relevant to refute appellant's contention in his opening statement that he had the weapons because he was a security guard. It is axiomatic that "[a]rticles found in a defendant's possession at the time of his arrest 'are admissible as circumstances connected with the arrest. [Cit.]' [Cit.]" *Burdette v. State*, 197 Ga. App. 881, 882 (3) (399 SE2d 745) (1990). Consequently we find no merit to appellant's first and third enumerations of error.

2. In his second enumeration of error, appellant contends that the trial court erred in instructing the prosecutor on how to introduce

certain evidence. Appellant's contention is without merit. The record reflects that the prosecutor disagreed with the trial judge's ruling requiring the prosecutor to lay a foundation before introducing testimony regarding items found at the time of appellant's arrest. The disagreement developed into a short discourse, outside the presence of the jury, between the trial judge and the prosecutor and did not prejudice appellant's case.

3. Appellant contends in two enumerations that the prosecutor improperly commented on appellant's silence at the time of his arrest. The prosecutor asked one of the arresting officers whether appellant at any time denied ownership of the cocaine and the officer responded that no denial was made in his presence. The trial court sustained the objection and instructed the jury to disregard the question. Appellant made no further objection and did not request any other curative instruction or move for a mistrial. "[A]n instruction to the jury to disregard improper remarks amounts to a rebuke of counsel. [Cit.]" *Martin v. State*, 196 Ga. App. 145, 147 (2) (395 SE2d 391) (1990). Furthermore, " '[i]f [appellant's] counsel deemed the instruction or admonition of the jury inadequate to remove the harmful effect, it was incumbent upon him to request further instructions or [move] for mistrial after the corrective action, which he did not do. (Cit.) . . .' [Cit.]" *Barksdale v. State*, 161 Ga. App. 155, 158 (4) (291 SE2d 18) (1982). Accordingly, we find no merit to appellant's fourth and fifth enumerations of error.

4. Appellant argues that the trial judge erred in denying his written request for a charge on good character. Appellant elected to put his character in issue by testifying that he had previously been arrested on an assault charge that was subsequently reduced to a misdemeanor charge for which he was sentenced to 12 months on probation. Appellant stated that other than the misdemeanor, he had not been convicted of any crime. "The good character of an accused person is a substantive fact, and evidence of such good character should be weighed and considered by the jury in connection with all of the other evidence in the case. [Cit.] When there is an appropriate request, a proper instruction should be given in every case where the accused person puts his character in issue. [Cit.]" *Braddy v. State*, 172 Ga. App. 386, 389 (2) (323 SE2d 219) (1984), aff'd *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985). Even if we deem appellant's testimony sufficient to raise the character issue, we cannot conclude that the trial court's failure to charge on good character constitutes reversible error. Viewing appellant's defense, including his testimony, as a whole, it does not appear that the issue of character played a significant role during the trial. Compare *Chastain v. State*, 177 Ga. App. 236 (2) (339 SE2d 298) (1985). Moreover, in light of the overwhelming evidence against appellant, specifically the fact that he

was arrested twice in a two-month period with drugs either on his person or in his immediate vicinity, we find it highly probable that any error did not contribute to the verdict. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

5. In his final enumeration of error, appellant contends that the trial judge erred in charging the jury as follows: "There is no requirement under the law that the state either allege or prove that the defendant had an intent to distribute cocaine." Appellant was charged with possession of cocaine with intent to distribute, and there is no dispute that this charge was erroneous. The State argues that since appellant neither objected to the charge nor reserved objections to the charge, we may only reverse if the erroneous charge was harmful, as a matter of law. See OCGA § 5-5-24 (c); *Lavender v. State*, 234 Ga. 608 (2) (216 SE2d 855) (1975). However, because the record in this case does not reflect that the trial judge inquired of appellant's counsel whether he had any objections to the charge, we cannot conclude that appellant waived his right to raise this error on appeal. See *Brady v. State*, 169 Ga. App. 316 (5) (312 SE2d 632) (1983). Nor can we determine, as appellee asserts, that the erroneous charge was "a mere verbal inaccuracy" which resulted from a "palpable 'slip of the tongue.'" (Compare *Nobles v. State*, 201 Ga. App. 483, 491 (21) (411 SE2d 294) (1991).) The error in the charge was directly related to the offense for which appellant was on trial and was almost certain to confuse and mislead the jury. Furthermore, we have examined the trial court's charge in its entirety and do not find that the trial court anywhere instructed the jury that intent to distribute is an element of the crime which must be shown by the State. Consequently, we hold that the charge as given constitutes reversible error.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1992.

*Marc H. Hodge*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Assistant District Attorney*, for appellee.