### A98A2360. MILLER v. THE STATE.
(511 SE2d 552)

JOHNSON, Chief Judge.

A jury found Edwina Miller guilty of committing theft by receiving stolen property. The property had been stolen in a burglary of an Oconee County home. Miller appeals from her conviction, claiming the trial court erred in denying her motion for mistrial after a witness for the state improperly placed her character in evidence by testifying that he found marijuana in her home and that some property from an unrelated theft had previously been found in her home. We find no grounds for reversal.

At trial, a sheriff's deputy testified that he was investigating the Oconee County burglary when he decided to question Benjamin Streetman about his possible involvement in the crime. In explaining how he came into contact with Miller, the deputy said he learned that Streetman was residing at Miller's home and that "some Jackson County authorities had obtained some stolen property from that location where Mr. Streetman was staying with Ms. Miller." The deputy went to Miller's residence and asked her about Streetman and the burglary. She denied knowing anything about the burglary or stolen property. The deputy testified further that he searched the residence and found marijuana.

Defense counsel moved for a mistrial, arguing that the witness improperly injected evidence of bad character by testifying that marijuana and unrelated stolen property were found in Miller's home. After a hearing, the trial court denied the motion for mistrial, ordered the testimony stricken and stated that the prosecutor was not to ask questions which could cause the witness to mention marijuana or Jackson County stolen property. When the jurors returned,

---

[16] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

the trial court instructed them to disregard the testimony about the Jackson County property and the marijuana, adding that Miller was not on trial for those offenses. The court then asked the jurors if they would disregard that testimony and not give it any consideration whatsoever. Each of the jurors indicated that they would. Miller renewed her motion for mistrial.

Later, during cross-examination, defense counsel asked the deputy about statements Miller gave him during the investigation. Defense counsel called the deputy's attention to the written police report and asked the deputy to tell him where on the report he could find certain information. The officer began reading the report. Miller's attorney continued asking questions about the contents of the report, of which he had a copy. The deputy resumed reading the report, including a part stating that marijuana was found in the house. Defense counsel objected and moved for mistrial based on the reference to marijuana. When the prosecuting attorney argued that defense counsel asked the deputy to read the report, defense counsel denied having done so and said: "I saw what he was reading. I thought for goodness sakes he's going to stop. I had no idea he was going to read it and violate your order . . . not to mention marijuana." The trial judge stated that he thought the witness was not intentionally delving into improper matters, but was just trying to answer the questions posed by defense counsel. When the jurors returned, the trial court instructed them not to consider the comments. The jury again agreed unanimously to disregard the testimony. Defense counsel resumed cross-examination without renewing the motion for mistrial.

1. At the outset we note that the second motion for mistrial was not renewed after the giving of curative instructions and has not been preserved. See *Maddox v. State*, 227 Ga. App. 602 (490 SE2d 174) (1997). We point out, however, that "one cannot take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then demand a mistrial when such answer is given." (Citations and punctuation omitted.) *Byrd v. State*, 182 Ga. App. 284, 286 (3) (355 SE2d 666) (1987).

2. A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety. *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).

Viewed in a light to support the verdict, the other evidence shows the following: Streetman's cousin, Scott Bramblett, pled guilty to the burglary. Bramblett testified that Streetman was his accomplice and that he and Streetman took the stolen property, which

included electronic equipment and guns, and placed it in an old wooden shack behind his house. Later, Streetman and Miller came back to look at the items. Miller saw the items and told Bramblett she might be able to help them "get rid" of some of the items. Miller and Streetman loaded several of the items into a truck and left.

The deputy testified that when he returned to Miller's residence a second time after getting more information, Miller handed over several items taken in the burglary. This time, Miller admitted to the deputy that she and Streetman went to a wooden shack behind Bramlett's home and took the items.

As to the nature of the character statements, we agree with the trial court that the statements at issue appear more to refer to and reflect upon the character of Streetman than Miller. In any event, the deputy's references to marijuana and other stolen property appear to be, as the trial court found, responsive to questions and unintentional. The judge promptly instructed the jury to disregard the testimony and made certain that they agreed to adhere to the instruction.

Considering the evidence introduced at trial, the nature of the character evidence complained of, and the remedial measures taken by the trial court, we find no basis for reversing the trial court's denial of Miller's motion for mistrial. See *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997); *Cook v. State*, 232 Ga. App. 796, 798 (2) (503 SE2d 40) (1998).

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED JANUARY 29, 1999.

*James W. Smith*, for appellant.
*Harry N. Gordon, District Attorney, Kirk M. Thomas, Assistant District Attorney*, for appellee.