## A00A1934. FRAZIER v. THE STATE.
### (544 SE2d 198)

JOHNSON, Presiding Judge.

Terrance Frazier was indicted for murder, felony murder and aggravated assault in connection with the shooting death of his cousin, Ondra Keller. A jury found him guilty of involuntary manslaughter as a lesser included offense of felony murder and not guilty of murder and aggravated assault. On appeal, he argues that the trial court erred in not granting a mistrial when the prosecutor questioned him about and commented upon his failure to voluntarily go to police after the shooting. Although the prosecutor acted improperly, we hold that the trial court did not abuse its discretion in refusing to grant a mistrial.

Construed to support the verdict, the evidence shows that Frazier and his niece were visiting Frazier's mother when an argument broke out between Keller's boyfriend, who lived in the adjoining apartment, and Frazier's niece. The boyfriend, Vincent Johnson, hit Frazier's niece with a wooden board, and Frazier intervened. Johnson argued with Frazier and struck him with the board. Frazier's mother broke up the fight, and the men returned to their homes.

A short time later, Frazier went back to check on his mother and Keller. Johnson came out of his apartment, and the argument resumed. Johnson told Frazier that he was "tired of this shit" and "was fixing to hurt" him, then went back into his apartment. Frazier believed Johnson was going to get a gun, although the evidence is not clear as to whether he actually did get a gun. As Johnson walked out of the apartment and onto his screened porch, Frazier fired five shots in his direction and left. Frazier did not realize it, but Keller was sitting on the porch at the time. Keller was killed in the gunfire.

At trial, Frazier testified that he acted in self-defense and that he was not trying to kill Johnson or harm Keller. When asked on direct examination how he reacted upon learning of his cousin's death, Frazier replied that he was depressed and that he did not want to be bothered by anyone.

On cross-examination, the prosecutor asked Frazier if he went to the police as soon as he learned that Keller had been killed. Frazier

replied that he did not. The prosecutor asked if he explained to the police what happened at that point. Frazier said "No." Frazier was then asked if he had tried to stay away from the police. He remarked that he had not. After this last question, defense counsel objected. As defense counsel was stating the objection, Frazier interjected that he did not try to stay away from the police. Defense counsel asked that the jury be excused.

With the jury out of the courtroom, defense counsel moved for a mistrial, arguing that the state's questions amounted to an improper comment on Frazier's silence. The trial court denied the motion, then cautioned the prosecutor to "stay away from that area." The prosecutor assured the court that she would. Defense counsel made no further comment or motion regarding the inquiry. No curative instruction was requested or given.

Later, while arguing in her closing statement that Frazier was not acting in self-defense, the prosecutor commented on how Frazier never contacted the police and did not tell the police what happened until two months after the shooting. Defense counsel did not object to the argument.

In Georgia, the state may not comment on a defendant's silence prior to arrest or on his failure to come forward voluntarily, even when the defendant chooses to testify at trial.[1] This is because a prosecutor's comment on a defendant's pre-arrest silence is far more prejudicial than probative.[2]

We agree that the prosecutor acted improperly in commenting during closing argument on Frazier's failure to come forward.[3] However, Frazier's failure to make any objection to the argument amounts to a waiver.[4]

The state also acted improperly in questioning Frazier on cross-examination about his failure to come forward after the shooting. However, we find that the issue was waived and further note that, in any event, the error was harmless.

When the trial court responded to Frazier's objection and motion for mistrial by directing the prosecutor to "stay away" from the pre-arrest silence issue, defense counsel neither renewed the motion nor asked for curative instructions. Where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant

---

[1] *Landers v. State*, 270 Ga. 189, 190 (2) (508 SE2d 637) (1998); see *Mullinax v. State*, 242 Ga. App. 561, 562 (1) (530 SE2d 255) (2000).

[2] *Landers*, supra.

[3] See id.

[4] See id.; see generally *Ridley v. State*, 235 Ga. App. 591, 596-597 (3) (510 SE2d 113) (1998).

is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived.[5] Frazier's silence after the trial court's purported corrective action amounts to a waiver.

Nonetheless, even if the issue was not waived, it presents no grounds for reversal. First, even without the inquiry and comment regarding Frazier's pre-arrest silence, there was overwhelming evidence that he was guilty of involuntary manslaughter.[6] Second, Frazier himself testified on direct examination about his reaction upon finding out that he killed his cousin, saying that he was depressed and did not want to see anybody. Thus, the jury had before it Frazier's explanation for not talking to anyone about the shooting, which may have negated the state's argument that his hesitance in going to police was evidence of malice. Finally, the state asked and Frazier answered two similar questions without any objection. Arguably, the objection after the third question could, therefore, be considered untimely.[7]

The trial court has a broad discretion in passing on a motion for mistrial, and its ruling will not be disturbed by an appellate court unless there has been a manifest abuse of discretion and a mistrial is essential to the preservation of the right to a fair trial.[8] Under the circumstances presented in this case, the trial court did not abuse its discretion in refusing to grant a mistrial.[9]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[5] See *Braswell v. State*, 245 Ga. App. 602, 605-606 (6) (b) (538 SE2d 492) (2000) (issue of state's improper comments during cross-examination not preserved where, after defendant objected and moved for mistrial, court instructed state not to make such comments, but defendant made no further objection nor renewed motion for mistrial); *Ford v. State*, 269 Ga. 139, 141 (3) (498 SE2d 58) (1998) (defendant waived issue of comment on pre-arrest silence by not renewing motion for mistrial after court gave curative instruction); *Cooper v. State*, 206 Ga. App. 292, 293 (3) (424 SE2d 896) (1992) (issue of comment on post-arrest silence waived where defendant did not renew objection or move for mistrial after court sustained objection and instructed jury to disregard question); *Evans v. State*, 190 Ga. App. 302 (2) (378 SE2d 903) (1989) (issue waived where motion for mistrial not renewed after court denied motion but took corrective action); *Brown v. State*, 180 Ga. App. 611, 612 (2) (349 SE2d 830) (1986) (issue of improper bolstering of state witness' testimony on direct examination waived where defendant objected and moved for mistrial but, after court directed state to abandon inquiry, made no further request for curative instruction or a mistrial). But see *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000) (issue of improper closing argument preserved by merely objecting; no renewal of overruled objection or motion for mistrial required after adverse ruling).

[6] See generally *Barnes v. State*, 269 Ga. 345, 352 (12) (496 SE2d 674) (1998); OCGA § 16-5-3 (a), (b).

[7] See *Willis v. State*, 241 Ga. App. 813 (2) (527 SE2d 895) (2000).

[8] *Bush v. State*, 188 Ga. App. 313 (1) (372 SE2d 847) (1988); see *Johnson v. State*, 241 Ga. App. 448, 449 (1) (526 SE2d 903) (1999).

[9] See *Barnes*, supra.

DECIDED JANUARY 9, 2001.

*Luana K. Walsh*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *George W. K. Snyder, Jr.*, Assistant District Attorney, for appellee.