### A04A2141. NOWILL v. THE STATE.
(609 SE2d 188)

JOHNSON, Presiding Judge.

The Columbia County grand jury returned a four-count indictment charging Randall William Nowill, Sr., with sexually abusing his minor daughter. The indictment charged Nowill with two counts of aggravated child molestation for engaging in oral sodomy with his daughter, and separate counts of child molestation and incest for having sexual intercourse with her. Nowill pled not guilty to the charges, and was tried before a jury.

At trial, the state presented the testimony of the victim, a child advocate to whom the victim had given a videotaped statement about the abuse, Nowill's wife and a sheriff's investigator. According to the state's evidence, Nowill began abusing his daughter when she was seven years old by kissing and touching her. When the girl was 12, Nowill began having sexual intercourse with her, and later started engaging in oral sex with her. The sexual abuse took place in different locations, including the family home, the family van, and on trips. By the time the victim was sixteen, Nowill was having sex with his daughter three or four times per week.

---

[15] See OCGA § 17-10-6.1 (a).

Nowill was the only defense witness. He denied having sexually abused his daughter. He claimed that he could not have engaged in the alleged sexual conduct because of his injured back.

The jury found Nowill guilty of all four charges. The judge sentenced Nowill to consecutive fifteen-year prison terms for the two aggravated child molestation offenses. The court also imposed sentences of ten years for the child molestation offense and five years for the incest offense, ordering that those sentences be served concurrently to the aggravated child molestation sentences. Nowill subsequently moved for a new trial, but the motion was denied. He appeals.

1. Nowill contends that the trial court erred in denying his motion for a mistrial after the state improperly put his character in issue by asking him on cross-examination (1) if he had given a narcotic nasal spray to his daughter and (2) if he was having an extramarital affair. The contention is without merit.

"Where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived."[1] In the instant case, the judge denied Nowill's motion for a mistrial, but stated that he would give a curative instruction to the jury. Nowill's attorney thanked the judge, who subsequently instructed the jurors that the two questions asked by the state were improper and that those questions, as well as any answers to them, should be totally disregarded by the jury. Nowill did not renew his objection or motion for a mistrial, and he in no other way indicated that he was dissatisfied with the corrective action taken by the judge. By failing to renew his objection or motion, the issue has been waived and presents nothing for us to review.

Moreover, even if the issue were properly before us, there is no reversible error. A trial court has broad discretion in passing on a motion for a mistrial, and its ruling will not be disturbed on appeal absent a manifest abuse of that discretion.[2] "Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error."[3] Here, the trial court's curative instruction was proper and sufficient, and thus the refusal to

---

[1] (Footnote omitted.) *Frazier v. State*, 247 Ga. App. 500, 501-502 (544 SE2d 198) (2001).

[2] Id. at 502.

[3] (Citation and punctuation omitted.) *Bush v. State*, 188 Ga. App. 313 (1) (372 SE2d 847) (1988).

grant a mistrial was not an abuse of the court's broad discretion.

2. Nowill complains that his trial counsel was ineffective in failing to request a postponement of the trial and the summoning of a new jury pool after one of the prospective jurors made prejudicial comments during voir dire that tainted the rest of the jury pool. The complaint is without merit.

"In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance."[4]

Nowill cannot make either of the showings required to establish ineffectiveness of trial counsel because the underlying premise of his argument — that the jury pool was tainted by one juror's prejudicial comments — is not supported by any evidence. While his trial attorney speculated at the motion for new trial hearing that the juror's comments — that it sounded like Nowill had performed sexual acts with his child and that she thought it was sick and perverted — may have prejudiced the other jurors, such speculation is insufficient to show that the jury was actually tainted.[5] "Harm cannot be shown by mere speculation and conjecture unsupported by the record."[6]

Contrary to Nowill's speculation that the jury pool was tainted, the state notes that the juror who made the comments was struck for cause, and that all of the other jurors indicated that they were not prejudiced against the accused and could base their decision solely on the evidence. Because there is no evidence that the jury was tainted, Nowill has not shown that his trial counsel's failure to request a continuance and new jury pool on such a ground amounts to ineffective assistance of counsel.

3. Nowill claims that his conviction must be reversed because the trial court gave an *Allen*[7] charge to the jury which contained language that the Supreme Court of Georgia has found to be improper. While the *Allen* charge given in this case did contain the inappropriate language, the charge as a whole was not impermissibly coercive.

The jurors in this case began deliberating at 11:35 a.m. on September 11, 2002. They had a lunch break from 1:01 p.m. to 2:19 p.m., and then resumed deliberations. At 4:15 p.m., they sent a note

---

[4] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[5] See *McConnell v. State*, 263 Ga. App. 686, 689 (3) (b) (589 SE2d 271) (2003) (no evidence of juror prejudice); *White v. State*, 257 Ga. App. 861, 862 (1) (572 SE2d 692) (2002) (insufficient merely to allege jury might have been tainted).

[6] (Punctuation and footnote omitted.) *McConnell*, supra.

[7] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

to the judge indicating that they were having trouble reaching a verdict. At that point, the judge gave the jury the following *Allen* charge.

> Now, you have been deliberating upon this case for a period of time, I've estimated approximately three and a half hours, and the Court deems it proper to advise you further in regard to the desirability of agreement if possible. The case has been exhaustively and carefully tried by both sides and has been submitted to you for a decision and verdict if possible and not for disagreement. It is the law that a unanimous verdict is required.
>
> And while this verdict must be the conclusion of each juror and not a mere acquiesce of the jurors in order to reach an agreement it is still necessary for all of the jurors to examine the issues and questions submitted to them with candor and fairness and with a proper regard for a deference to the opinion of each other. A proper regard for the judgment of others will greatly aid us in forming our own judgment.
>
> *This case must be decided by some jury selected in the same manner this jury was selected and there is no reason to think a jury better qualified than you would ever be chosen.*[8] Each juror should listen to the arguments of other jurors with a disposition to be convinced by them. If the members of the jury differ in their view of the evidence the difference of opinion should cause them all to scrutinize the evidence more closely and to reexamine the grounds of their opinion.
>
> Your duty is to decide the issues which have been submitted to you if you can conscientiously do so. In conferring you should lay aside all mere pride of opinion and should bear in mind that the jury room is no place for taking up and maintaining in a spirit of controversy either side of a cause. You should ever hear [sic] in mind that as jurors you should not be advocates for either side. The aim is to keep in view — the aim to keep in view if the truth as it appears from the evidence, examined in the light of the instructions of the Court.
>
> You may again return tomorrow morning at 9:30 to the jury

---

[8] (Emphasis supplied.)

room for a reasonable period of time and examine your differences in a spirit of fairness and candor and try to arrive at a verdict. I'll ask everyone in the courtroom to remain seated while the jury exits the courtroom. You're now excused until 9:30 in the morning.

The next day, the jurors began deliberating at 9:30 a.m., and reached their verdict at noon. After announcing the verdict, the jury was polled and then excused.

Almost two years later, in May 2004, the Supreme Court issued its decision in *Burchette v. State*,[9] holding that the "must-be-decided" phrase highlighted above is inaccurate and should no longer be given as part of an *Allen* charge. However, the Court noted that despite such inaccurate language it "must still decide whether the instruction is so coercive as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors."[10] The Court then went on to conclude that the *Allen* charge given in that case, considered as a whole, was not impermissibly coercive.[11]

The instant case is similar to, and controlled by, *Burchette*. That is, the "must-be-decided" language contained in the *Allen* charge given by the trial court in the current case constituted only a small portion of an otherwise fair and balanced charge. And as the Supreme Court found in *Burchette*, the jury here deliberated for almost the same number of hours both before and after the *Allen* charge, which is a factor indicating a lack of coercion in the charge, and the jury was polled after its verdict.[12] Under these circumstances, we conclude that the *Allen* charge given in this case was not impermissibly coercive and does not mandate a reversal of Nowill's conviction.

4. Nowill alleges that the trial court should have granted his motion for a new trial on the ground that the state eavesdropped on a private conversation during which he and his lawyer, while alone in the courtroom, decided not to call a certain witness to testify. But as the trial court correctly found, there is no evidence, beyond the inferences of Nowill's trial attorney, to support this allegation. On the contrary, the prosecuting attorney testified at the motion for new trial hearing that she had never heard of any monitoring of courtroom conversations and that no one told her about the alleged conversation between Nowill and his lawyer.

---

[9] 278 Ga. 1 (596 SE2d 162) (2004).
[10] (Punctuation and footnote omitted.) Id. at 3.
[11] Id.
[12] Id.

A trial court's findings of fact on a motion for new trial must be upheld unless clearly erroneous.[13] Here, the trial court's finding that the state did not monitor or eavesdrop on the conversation is supported by the prosecutor's testimony and the absence of any contrary evidence. Accordingly, the finding is not clearly erroneous and must be upheld.

5. Nowill contends that the trial court erred in admitting into evidence the videotaped interview of the victim without first redacting parts of the interview when the victim repeated statements made to her by a friend who did not testify at trial. Pretermitting that contention, however, is the fact that Nowill has not stated in his brief the precise statements that he is now challenging and he has not cited any place in the record where they can be found. According to the state, the purportedly improper statements do not appear in the record.

Nowill bears the burden of proving error affirmatively by the record.[14] Absent some showing of the precise statements at issue, he has not met this burden because there is no way for us to determine if the statements were improper or if they were so prejudicial as to require a new trial. Because he has failed to meet his burden of proving error by the record, we have no choice but to presume that the trial court acted properly in admitting the evidence.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2005.

*Garrett & Gilliard, Kirk E. Gilliard*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.

---

[13] *Lewis v. State*, 277 Ga. 534, 539 (3) (592 SE2d 405) (2004).
[14] See *McConnell*, supra; *White*, supra.
[15] See *Bettis v. State of Ga.*, 228 Ga. App. 120, 122, n. 1 (491 SE2d 155) (1997).