A07A0416. IVEY v. THE STATE.
(644 SE2d 169)

JOHNSON, Presiding Judge.

A jury found Anthony Ivey guilty of entering an automobile, simple assault, possession of a knife during the commission of a felony, and criminal trespass. Ivey appeals, alleging the trial court erred in denying his motion for mistrial after a state's witness allegedly put Ivey's character in issue. We find no reversible error and affirm Ivey's convictions.

[28] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).
[29] *Scieszka v. State*, 259 Ga. App. 486, 488 (2) (578 SE2d 149) (2003).

Ivey contends that his bad character was placed in issue when the state questioned a witness about his observations of the police search of Ivey at the time of arrest:

Q: Did you actually see the police search the defendant?
A: Yes, I did.
Q: And when the police were searching the defendant where was Larry?
A: Larry was right to my left from [sic] him.
Q: At some point did Larry leave?
A: No.
Q: Did he ever go back and get his Jeep?
A: No.
Q: Go ahead.
A: But anyway, so as the police were searching him they pulled out a crack pipe and —
Mr. Grossman: Judge, I have an objection. I have a motion to make outside the presence of the jury.
The Court: Show the jury to the jury room, please.

Ivey requested a mistrial based on the introduction of this bad character statement regarding the crack pipe. The trial court denied the motion. Later in the proceeding, Ivey renewed his request for a mistrial, and the court again denied a mistrial.

A trial judge has broad discretion when ruling on a motion for mistrial, and his ruling will not be disturbed on appeal unless there has been a manifest abuse of discretion and a mistrial is essential to the preservation of the right to a fair trial.[1] We find no abuse of discretion in the present case.

Following Ivey's initial mistrial request, the trial court offered counsel the opportunity to provide a curative instruction. The trial judge asked Ivey's counsel, "[d]o you want to write one out that you propose to ask so we can see what it is?" Ivey's counsel declined, responding, "on second thought it will probably just over-emphasize what they already heard. Perhaps we can just move on." "Since defense counsel declined the trial court's offer to give curative instructions to the jury, appellant will not now be heard to complain."[2]

Even if we assume that Ivey's actions did not waive his right to bring this error on appeal, we still find no error in the trial court's denial of the motion for mistrial.

[1] See *Frazier v. State*, 247 Ga. App. 500, 502 (544 SE2d 198) (2001).
[2] *Jones v. State*, 250 Ga. 166, 168 (3) (296 SE2d 598) (1982); see also *Edwards v. State*, 200 Ga. App. 580, 583-584 (3) (408 SE2d 802) (1991).

A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.[3]

Viewed in a light to support the verdict, the other evidence in the case shows that the victim's car was parked in downtown Atlanta. When the victim and two friends returned to the car, they observed Ivey in the front passenger seat holding a flashlight in one hand while searching the contents of the victim's glove compartment. The car's plastic window was cut with a knife. When the victim identified himself as the owner of the car, Ivey brandished a knife and tried to flee. However, when Ivey stumbled over some nearby bushes, the victim and his friends captured him. Ivey expressed remorse and offered to return some of the items taken from the car. Subsequently, an officer arrived and arrested Ivey. Ivey had a knife sheath and flashlight on his person, and the knife used to cut the window and threaten the victim was recovered by the victim and his friends. The state also introduced a prior conviction where Ivey pled guilty to entering an automobile.

Even without the comment regarding Ivey's crack pipe, there was overwhelming evidence that Ivey was guilty of entering an automobile, simple assault, possession of a knife during the commission of a felony, and criminal trespass.[4] And, the nature of the character statement shows that the statement was nonresponsive to the state's questioning and unintentional.[5] Under the circumstances presented in this case, the trial judge did not abuse his discretion in refusing to grant a mistrial.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 16, 2007.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David K. Getachew-Smith, Assistant District Attorneys*, for appellee.

---

[3] *Miller v. State*, 236 Ga. App. 161, 162 (2) (511 SE2d 552) (1999).
[4] See *Frazier*, supra at 502.
[5] See *Miller*, supra at 163 (2).