## A07A2129. GRIER v. THE STATE.
(658 SE2d 827)

ADAMS, Judge.

Contravious Grier was convicted by a jury of rape, armed robbery, burglary, false imprisonment (two counts), terroristic threats and possession of a firearm during the commission of a crime. He appeals following the denial of his motion for new trial, challenging the admission of similar transaction evidence and the denial of his motion for mistrial. We affirm.

1. Grier first challenges the admission of two similar incidents, arguing that the prior incidents had no logical connection to the charged crimes, and were not sufficiently similar to allow evidence of the prior incidents to be admitted at trial. The State offered the evidence for the purpose of corroborating identity, showing intent and course of conduct, and the trial court admitted the evidence for these purposes. "Similar transaction evidence is admissible where (1) the evidence is offered for a proper purpose, (2) the State establishes that the defendant committed the separate offense, and (3) there is sufficient similarity between the separate offense and the crime charged that proof of the former tends to prove the latter." (Citation and punctuation omitted.) *Romo v. State*, 288 Ga. App. 237, 238 (1) (653 SE2d 832) (2007). "An appellate court will not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous. [Cit.] And, the proper focus is on the similarity of the prior incidents to the crimes charged, not their differences. [Cit.]" *Carr v. State*, 282 Ga. 698, 700 (2) (653 SE2d 472) (2007).

The evidence shows that the charged offenses involved a home invasion by several perpetrators. The female victim had a pillowcase put over her head and her hands tied and was raped, and the male victim was burned with an iron. The perpetrators had guns and threatened the victims while demanding money and jewelry; they also threatened to put the female victim's six-month-old baby in a microwave oven if the victims did not meet their demands. The female victim testified that she had met Grier several weeks before the crime and knew him by his street name; she also testified she picked him out of a photographic lineup. DNA evidence also linked Grier to the rape.

The evidence further showed that one of the similar incidents occurred on the same day and at the same apartment complex as the charged offenses. The victim testified she was asleep in her apartment when she was awakened with someone hitting her in the head with a gun. She said there were four or five people in the home, and she identified Grier, who is related to her daughter's father, as being one of them. The victim testified the perpetrators demanded to know

where her money was and threatened to shoot her, and that one of the perpetrators threatened to shoot her daughter after her daughter woke up, saw the gun pointed at her mother's head and screamed. She testified that jewelry was taken from her during the incident.

The victim of the other prior incident testified that several men forced their way inside her apartment and put a gun to her head and stripped her of her jewelry. They told her they wanted money and drugs. They forced the victim into her bedroom and put a pillowcase over her head and tied her hands with a shirt and raped her while pointing a gun to her head. A relative of the victim testified that Grier told him about this incident, including raping the victim.

This and other evidence introduced at trial demonstrates both the necessary logical connection and similarity between the prior incidents and the charged crimes. The trial court did not err by admitting the evidence of the prior incidents. See, e.g., *Breland v. State*, 287 Ga. App. 83, 84-86 (1) (a), (b) (651 SE2d 439) (2007).

2. Grier also argues that the trial court should have granted his motion for mistrial. "A trial judge has broad discretion when ruling on a motion for mistrial, and his ruling will not be disturbed on appeal unless there has been a manifest abuse of discretion and a mistrial is essential to the preservation of the right to a fair trial." *Ivey v. State*, 284 Ga. App. 232, 233 (644 SE2d 169) (2007).

The transcript shows that during the trial, Grier cut one of his wrists with a razor, inflicting a superficial injury. When defense counsel saw what was happening, she immediately asked for a break. The jury was dismissed and Grier was taken from the courtroom for treatment. Defense counsel moved for a mistrial because of what the jury may have seen or heard.[1] However, the trial court questioned each juror individually on the record concerning whether they had seen or heard anything out of the ordinary during the trial that day. Although some of the jurors indicated they had heard something about a "Code Yellow" none of them knew what that meant and none of them indicated they had seen or heard anything out of the ordinary concerning Grier. Moreover, the trial court also instructed the jury that the verdict should be based only on the evidence and that they

---

[1] On appeal, defendant argues the failure to grant a mistrial was "cumulative in nature" apparently arguing that other unrelated occurrences throughout the trial resulted in an abuse of discretion when the trial court ultimately refused to grant a mistrial as to the incident addressed in Division 2. First we note that most of the transcript citations provided for these occurrences do not correlate with the transcript before us. Moreover, to the extent we have reviewed the transcript in an attempt to find the instances complained of, it does not appear that independent motions for mistrial were urged below as to these other instances. Lastly, we note that the cumulative error rule would not be applicable in these circumstances. *Baugher v. State*, 212 Ga. App. 7, 11 (3) (440 SE2d 768) (1994).

were not to draw adverse inferences from any delays in the proceedings. And the trial court also ensured that the jury had not read a newspaper article concerning the incident. Under these circumstances, the trial court did not abuse its discretion by refusing to grant a mistrial because of Grier's intentional conduct. See *Gentry v. State*, 226 Ga. App. 216, 218 (2) (485 SE2d 824) (1997). See also *Messer v. State*, 247 Ga. 316, 324 (6) (276 SE2d 15) (1981) ("[m]easures to be taken as a result of demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial").

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 5, 2008.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David Getachew-Smith, Assistant District Attorneys*, for appellee.