# Court of Appeals
# of the State of Georgia

ATLANTA,  September 13, 2018

*The Court of Appeals hereby passes the following order:*

## A19A0261. RANDALL WILLIAM NOWILL, SR. v. THE STATE.

Randall William Nowill, Sr. was convicted of two counts of aggravated child molestation, one count of child molestation, and one count of incest in connection with the sexual abuse of his minor daughter. We affirmed his convictions on appeal. *Nowill v. State*, 271 Ga. App. 254 (609 SE2d 188) (2005). Nowill later filed a motion to vacate a void sentence, arguing that his sentences should have merged. The trial court denied the motion, and Nowill appealed. We dismissed the appeal on the ground that merger arguments do not present valid void-sentence claims. See Case No. A17A2038 (dismissed July 18, 2017).

Nowill subsequently filed a second motion to vacate a void sentence, making different arguments this time. He also filed a motion to correct the minutes of his grand jury proceeding to reflect that his indictment was not returned in open court. The trial court entered an order denying both motions, and Nowill appeals. We lack jurisdiction.

With respect to Nowill's second motion to vacate his sentence, a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. *Frazier*, 302 Ga. App. at 348. A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law

does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "[A] defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void." *Garza v. State*, 325 Ga. App. 505, 506 (1) (753 SE2d 651) (2014) (punctuation omitted).

In his motion to vacate his sentence, Nowill asserted that the date range for the sexual acts described in the indictment included a period when the victim was older than the statutory maximum age for the crime of child molestation,[1] that the State could have narrowed that date range, that the trial court improperly allowed the jury to consider certain child hearsay testimony, and that he was denied the effective assistance of counsel. These arguments all relate to the validity of Nowill's convictions, not his sentence, and therefore are not valid void-sentence claims. See *von Thomas*, 293 Ga. at 572 (2).

Nowill also argued that the prosecutor tricked the judge into not considering a lighter sentence and that there were no aggravating circumstances supporting a heavy sentence. While these arguments do relate to Nowill's sentence, they allege merely that is unfairly harsh, not that it is void. Nowill does not claim that his sentence exceeded the permissible statutory range for the crimes of which he was convicted, nor could he colorably do so.[2] In the absence of a valid void-sentence

---

[1] In his motion, Nowill argued that the relevant age is 14. However, the law in effect at the time of Nowill's offenses provided that a person committed the offense of child molestation by performing certain acts with or in the presence of "any child under the age of 16 years." OCGA § 16-6-4 (a) (1997). In our opinion affirming Nowill's conviction, we noted that the State's evidence showed that Nowill began having sexual intercourse with his daughter when she was 12, later engaged in oral sex with her, and was having sex with her multiple times per week by the time she was 16. *Nowill*, 271 Ga. App. at 254.

[2] Nowill was sentenced to fifteen years each for the aggravated child molestation convictions, ten years for child molestation, and five years for incest. These sentences fell well within the then-applicable statutory sentencing ranges for

argument, we lack jurisdiction to consider Nowill's appeal on that issue. See *Frazier*, 302 Ga. App. at 349.

With respect to Nowill's motion to correct the grand jury minutes to indicate that the indictment was not returned in open court, his stated purpose was to prove that his indictment "is therefor[e] null, void and of no effect." See, e.g., *Thompson v. State*, __ Ga. __ (3) (816 SE2d 646) (2018) ("In Georgia, a grand jury indictment must be returned in open court, and the failure to do so is per se injurious to the defendant."). Thus, the crux of Nowill's motion was a challenge to the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying or dismissing such a motion must be dismissed. *Harper*, supra, 286 Ga. at 218 (1) and (2).[3]

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/13/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*

---

those crimes. See OCGA § 16-6-4 (d) (1) (1997) (range of ten to thirty years for aggravated child molestation); § 16-6-4 (b) (1997) (range of five to twenty years for child molestation); § 16-6-22 (b) (1968) (range of one to twenty years for incest).

[3] Nowill could have challenged his indictment through a motion in arrest of judgment, but such motions must be filed within the same term of court in which the judgment was entered. See *Jones*, supra, 290 Ga. App. at 493 (1).