# Court of Appeals
# of the State of Georgia

ATLANTA,__March 20, 2019_____

*The Court of Appeals hereby passes the following order:*

## A19A1516.  RANDALL W. NOWILL, SR. v. THE STATE.

Randall W. Nowill, Sr. was convicted of two counts of aggravated child molestation, one count of child molestation, and one count of incest in connection with the sexual abuse of his minor daughter. We affirmed his convictions on appeal. *Nowill v. State*, 271 Ga. App. 254 (609 SE2d 188) (2005). Since then Nowill has filed multiple pro se motions, including a December 2018 motion to vacate void judgment, in which he asserted that the date range for the sexual acts described in the indictment included a period when the victim was older than the statutory maximum age for the crime of child molestation.[1] Nowill also challenged the validity of the indictment based on his allegation that the indictment was not returned in open court. The trial court denied the motion and Nowill filed this appeal. We, however, lack jurisdiction.

Nowill previously raised the same arguments in a motion to vacate illegal sentence. See Case No. A19A0261 (dismissed Sept. 13, 2018). As we explained in our previous dismissal order, the crux of Nowill's arguments concern a challenge to the validity of his convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying or

---

[1] The law in effect at the time of Nowill's offenses provided that a person committed the offense of child molestation by performing certain acts with or in the presence of "any child under the age of 16 years." OCGA § 16-6-4 (a) (1997). In our opinion affirming Nowill's conviction, we noted that the State's evidence showed that Nowill began having sexual intercourse with his daughter when she was 12, later engaged in oral sex with her, and was having sex with her multiple times per week by the time she was 16. *Nowill*, 271 Ga. App. at 254.

dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009).[2]

Based on the foregoing, Nowill's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___03/20/2019_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*

---

[2] Nowill could have challenged his indictment through a motion in arrest of judgment, but any such challenge now is untimely, as such motions must be filed within the same term of court in which the judgment was entered. See *Jones*, 290 Ga. App. at 493 (1).