## A01A0554. WILLIAMS v. THE STATE.
### (548 SE2d 350)

ELDRIDGE, Judge.

A Thomas County jury found Carl Williams guilty of child molestation for acts he perpetrated against his eight-year-old niece. He appeals. On review, we affirm.

1. In a two-prong attack, Williams contends he received ineffective assistance of counsel at trial and that the trial court erred in finding otherwise.

(a) First, Williams claims his trial attorney was ineffective for failing to call parole officer Van Landingham at a Uniform Superior Court Rule 31.3 (B) similar transaction hearing. Williams contends Van Landingham would have testified that Williams was in jail on a parole violation during the summer of 1985 when the similar transaction allegedly occurred, thereby negating the required showing that Williams was the perpetrator of the independent offense.[1]

In that regard, the similar transaction witness could not remember in which month the 1985 independent offense happened. The witness testified it occurred in the summer, but she also repeatedly stated she could not remember exactly when the incident happened, except that she thought it was "warm" on the day in question. However, she was completely certain that Williams, who is her brother-in-law, was the perpetrator of the independent offense to which she was an eyewitness.[2] Thus, the State established the requisite element of identity under the *Williams v. State* criteria.[3] Van Landingham's testimony, if as alleged by Williams, would be impeaching as to the time frame only, affecting the weight and not the admissibility of such evidence under *Williams*.[4]

Notably, however, there is also no testimony in the record from

---

[1] *Williams v. State,* 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[2] The witness entered a bedroom in her mother-in-law's house and discovered Williams with another nine- or ten-year-old niece: "and he was on top of her with her shirt up and he was sucking her breasts."

[3] *Rary v. State,* 228 Ga. App. 414 (1) (a) (491 SE2d 861) (1997) ("absolute proof is not required that a defendant committed the offense in a similar transaction. Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it. [Cits.]") (punctuation omitted).

[4] In that regard, the defense subpoenaed Van Landingham to trial. Williams testified that his attorney strategically advised against calling Van Landingham to testify, since to do so would open the door to Williams' criminal record.

parole officer Van Landingham. He was not called at trial or at the motion for new trial. Thus, there is no evidence in the record that Van Landingham would have testified as Williams alleges, i.e., that Williams was incarcerated during the summer of 1985. Apparently, Williams was in jail on a parole violation. While the record contains a parole certificate showing the date of his release as October 31, 1985, there is nothing on the certificate to indicate when Williams was picked up for the violation or how long he was incarcerated therefor. Williams' defense attorney suggested he was arrested on the parole violation "[a]round Christmas" of 1984; however, Williams testified that he "can't give nothing accurate" because the information was on his parole records, which were not before the court. And, regardless of defense counsel's or Williams' statements, there is absolutely nothing in the record before us to indicate how parole officer Van Landingham would have testified in this regard.

(b) At trial, Williams' defense was that he was simply brushing the victim off after a fall and checking her for injury. He denied ever touching the victim with the intent necessary for a child molestation conviction, i.e., the "intent to arouse and satisfy the sexual desires of either the child or the person."[5] Thus, Williams contends that his attorney was ineffective for failing to request a jury charge on the lesser offense of sexual battery.

However, if the jury had believed Williams and had not found the requisite intent to convict for child molestation, Williams would have been guilty of nothing. This Court has recognized that a determination by trial counsel "to pursue an all-or-nothing defense [is] a matter of trial strategy."[6]

Notwithstanding, Williams did not call his trial attorney to testify at the motion for new trial regarding either of the instant allegations of ineffective assistance of counsel. Accordingly, Williams made no affirmative showing that the purported deficiencies in his trial counsel's representation "were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy."[7]

> [T]rial counsel did not testify at the hearing on [Williams'] motion for new trial, nor was [she] subpoenaed to appear. Absent an affirmative showing that trial counsel's purported deficiency was indicative of ineffectiveness, [Williams] has not met his burden of overcoming the strong presumption

---

[5] OCGA § 16-6-4 (a).

[6] *Turner v. State*, 237 Ga. App. 642, 645 (516 SE2d 343) (1999).

[7] *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990); see also *McCarthy v. State*, 196 Ga. App. 839, 841 (4) (397 SE2d 178) (1990); *Allsop v. State*, 196 Ga. App. 379, 381-382 (396 SE2d 47) (1990); *Balduf v. State*, 190 Ga. App. 233 (378 SE2d 409) (1989).

that trial counsel's conduct fell within the broad range of reasonable professional conduct. It is well established that the burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed.[8]

On the record before us, we cannot say the trial court's finding at the motion for new trial that Williams received effective assistance of counsel is clearly erroneous.

2. Williams claims the trial court's remark prior to recessing for the day, "I hope we won't have to declare any mistrial or anything. We won't do that," somehow coerced the jury into reaching a verdict. However, there was no objection at trial to this innocuous comment, and Williams is not claiming error under OCGA § 17-8-57.[9] "A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action."[10] Accordingly, the failure to object at trial waives the instant contention on appeal.[11]

3. Williams contends the *"Allen* charge"[12] given to the jury coerced the verdict.

Giving an *Allen* charge after the jury has begun its deliberations has been approved in numerous decisions of the Supreme Court of Georgia and this Court.[13] "The issue in reviewing such charge is whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors."[14]

Here, the jury did not indicate that they were hopelessly deadlocked or wished to discontinue deliberations prior to giving such charge. The trial court did not urge the jury to decide the case one way or the other, and the *Allen* charge as given instructed the jury that the verdict "must be the conclusion of each juror and not mere acquiescence or to get together or reach agreement." The trial court instructed the jury "to continue your deliberations and ask you if you, if you can, to reach an agreement which is fair and which is just and which you all can conscientiously say is the verdict of all twelve of

---

[8] (Citation omitted.) *Smith v. State*, 238 Ga. App. 605, 606 (2) (520 SE2d 13) (1999).

[9] See *Paul v. State*, 272 Ga. 845 (537 SE2d 58) (2000) (wherein a claim of error under OCGA § 17-8-57 is not waived by an attorney's failure to object absent an initial examination under the "plain error" rule).

[10] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

[11] *McGuire v. State*, 200 Ga. App. 509, 511 (4) (408 SE2d 506) (1991).

[12] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

[13] See *Edmonson v. State*, 212 Ga. App. 449, 451 (2) (442 SE2d 300) (1994).

[14] (Citations and punctuation omitted.) *Concepcion v. State*, 200 Ga. App. 358, 360 (408 SE2d 130) (1991).

you." Williams did not object to such charge and, in fact, explicitly waived exception to the charge after it was given. "Under the facts of this case, and considering the charge in its entirety, we find that the language of the charge was not coercive and that it did not place undue pressure on the members of the jury to abandon their convictions."[15] Consequently, this enumeration is without merit.[16]

4. In his last enumeration of error, Williams contends that the State's similar transaction notice was defective. By brief, Williams argues that "[w]hile a Notice of Similar Transaction is not necessarily defective if it doesn't give a specific date, it is defective when the State COULD have given a more specific date and did not." (Emphasis in original.) Williams further argues that the alleged deficiency in the notice harmed his defense because, "had the defendant known that the time period was specifically during the time in which he was incarcerated, he could have had Mr. Van Landingham testify to such at the similar transaction hearing."[17]

While this claim of error was raised in the written motion for new trial filed in superior court, at the hearing on the motion, Williams argued only that the lack of specificity in the date made the notice insufficient; Williams did not argue that the State was aware of a more specific date and *withheld* such information, as he does before this Court. Consequently, there is no testimony or evidence in the record on such issue. The trial court found Williams' "lack of a specific date" argument meritless based on the numerous cases, especially sexual misconduct cases, that have held "[s]ince the State did not have a specific date of the similar transaction, it complied with USCR 31.3 by providing [defendant] with the information it had."[18]

Because this issue was not argued at the hearing, we have nothing in the record before us that demonstrates the State "COULD" have been more specific regarding the date of the similar transaction incident, but withheld such information. And as discussed in Division 1 (a), supra, the record shows the similar transaction witness was unclear as to the specific date on which the independent offense actually occurred, giving rise to the inference that the State provided Williams with the information it had at the time.

Pretermitting the above, Williams' claim of harm because Van Landingham was not at the similar transaction hearing must fail for

---

[15] Id.

[16] See, e.g., *Black v. State*, 255 Ga. 668, 671 (2) (341 SE2d 436) (1986).

[17] Williams does not contend that the ten-year time span between the independent offense and the case-in-chief made the independent offense too attenuated from the acts perpetrated against the instant victim. Nor does he challenge the similarity of the independent offense.

[18] (Punctuation omitted.) *Kinney v. State*, 234 Ga. App. 733, 735-736 (3) (506 SE2d 441) (1998).

the reasons also discussed in Division 1 (a), supra. "[H]arm as well as error must be shown affirmatively by the record to obtain reversal."[19] Williams, at best, presents this Court with mere speculation and conjecture as to what Van Landingham's testimony would have yielded, both in substance and impact. "Harm cannot be shown by mere speculation and conjecture unsupported by the record."[20]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 1, 2001 —

*Harold B. Baker*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, Robert R. Auman, Robert D. Jewell, Assistant District Attorneys*, for appellee.

---

[19] (Punctuation and emphasis omitted.) *Bell v. State*, 226 Ga. App. 271, 273 (486 SE2d 422) (1997).

[20] *Evans v. State*, 233 Ga. App. 879, 880 (506 SE2d 169) (1998).