## A03A2363. TUMLIN v. THE STATE.
(591 SE2d 448)

JOHNSON, Presiding Judge.

Thomas Tumlin was charged with two counts of first degree arson, one count of criminal trespass, and one count of cruelty to animals. He pled not guilty to the charges and was tried before a jury. Evidence presented at trial established that Tumlin, after having been given a criminal trespass warning to stay away from the victim's property, entered the victim's mobile home, poured rubbing alcohol on the floor, and then started a fire in the home. That home and a neighboring trailer were damaged by the fire, and a dog inside the victim's home died from the fire. Tumlin later confessed to starting the fire. The jury found Tumlin guilty on all counts. The trial court merged the arson counts and sentenced Tumlin to 20 years in confinement, followed by concurrent 12-month sentences for the trespass and animal cruelty offenses.

Tumlin appeals, arguing only that the trial court erred in failing to give his requested jury charge on criminal damage to property as a lesser included offense of arson. Tumlin, however, has provided no record citation for the request, and we have not found such a request in the record. A request to charge must be correct, legal, apt, and precisely adjusted to some principle in the case; if any portion of the request is incorrect, then denial of the request is proper.[1] Absent some showing of the specific charge requested, it is impossible for us to determine whether or not the request was correct, legal, and precisely adjusted to the case. As a result, there is nothing for us to review.[2]

Moreover, even if Tumlin did ask for such a charge, we cannot determine from the record if he made the request in writing and in a timely manner. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error."[3] Since Tumlin has failed to show that he made a timely written request, we must presume that the court committed no error.

Finally, even if we presume for the sake of argument that Tumlin made an appropriate and timely request for a charge on criminal damage to property as a lesser included offense, the evidence did not demand such a charge. Where the state's evidence establishes all the elements of an offense and there is no evidence raising a lesser offense, then the court does not err in failing to charge on the lesser

---

[1] *Davis v. State*, 266 Ga. 801, 803 (7) (471 SE2d 191) (1996).

[2] See *Watson v. State*, 261 Ga. App. 562, 564 (2) (a) (583 SE2d 228) (2003).

[3] (Citations and punctuation omitted.) *Hawkins v. State*, 267 Ga. 124, 125 (3) (475 SE2d 625) (1996).

offense.[4] Here, the state's evidence, including Tumlin's confession, established all the elements of arson in the first degree.[5] Tumlin did not testify or present any other defense witnesses raising criminal damage to property as a lesser offense.[6] Because the evidence established without conflict that arson in the first degree occurred, the crime of criminal damage to property merged with the crime of arson and no charge on the lesser crime was required.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 4, 2003.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.

---

[4] *Hunter v. State*, 261 Ga. App. 276, 278 (1) (582 SE2d 228) (2003).
[5] OCGA § 16-7-60 (a) (1) (person commits arson in the first degree when he, by means of fire, knowingly damages the dwelling house of another).
[6] See OCGA §§ 16-7-22; 16-7-23.
[7] *Walker v. State*, 193 Ga. App. 100, 102 (2) (386 SE2d 925) (1989).