## S03G1195. BURCHETTE v. THE STATE.

(596 SE2d 162)

SEARS, Presiding Justice.

We granted certiorari in this case to consider whether a portion of this State's pattern *Allen* charge is accurate and should continue to be used.[1] For the reasons that follow, we conclude that the portion of the charge in question is inaccurate and should no longer be given by trial courts. However, we also conclude that, considering the *Allen* charge as a whole, it was not impermissibly coercive. Accordingly, we affirm Burchette's conviction.

Following the trial court's charge, the jury began its deliberations of Burchette's case at 11:45 a.m. At 2:45 p.m., the jury sent the trial court a note that it was deadlocked. The trial court gave an *Allen* charge, and instructed the jury, in relevant part, that "[t]his case must be decided by some jury selected in the same manner this jury was selected and there is no reason to think a jury better qualified than you would ever be chosen." Burchette objected to this portion of the charge, but the trial court overruled the objection. After deliberating until 5:00 p.m., the jury returned a guilty verdict on the charge of arson, the only crime with which Burchette was charged. On appeal, Burchette contended that the trial court erred by giving the foregoing portion of the *Allen* charge. The Court of Appeals, however, found no error and affirmed.[2] We granted certiorari to consider

---

[1] *Burchette v. State*, 260 Ga. App. 739, 744 (580 SE2d 609) (2003).

[2] See *Burchette*, 260 Ga. App. at 744.

whether the foregoing language should continue to be included in the *Allen* charge. For the reasons that follow, we conclude that it should not.

To begin, we note that the language in question is included in this State's pattern charge,[3] and that in several cases, this Court has held the language not to be impermissibly coercive when considered in the context of the charge as a whole.[4] However, upon further reflection, we agree with the conclusion of many courts that the statement that the case "must be decided by some jury" is inaccurate.[5] Because of this inaccuracy, these courts have ruled that the statement should not be included in their states' *Allen* charges.[6] Moreover, the statement is not included in the charge approved for deadlocked juries in the ABA Standards for Criminal Justice.[7] In addition, our recognition of the statement's inaccuracy was foreshadowed in our decision in *Romine v. State*.[8] In that case, this Court reaffirmed the proposition that the "must-be-decided" language could not be given in the death penalty phase of murder trials because it was inaccurate. In this regard, we cited to a previous decision of this Court in which we held that the charge is inaccurate in death penalty cases because OCGA § 17-10-31 provides that if a jury cannot reach unanimity on the sentence, the trial court is required to impose a life sentence, thus meaning that no retrial is permissible.[9] In *Romine*, however, we did not discuss OCGA § 17-10-31 in stating that the charge is inaccurate, and although we cited *Legare* for the proposition that the language was inaccurate, we also relied on *Gainer*,[10] a non-death penalty case that explains that it is not true that a criminal trial that ends with a hung jury must always be retried.[11] Thus, in *Romine*, we recognized that the charge is inaccurate in murder cases in which only a life sentence is sought.

Because we agree with the courts that have concluded that the "must-be-decided" charge is inaccurate in non-death penalty cases,[12]

---

[3] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), Part 5 (J), pp. 156-157 (2001).

[4] See, e.g., *Mayfield v. State*, 276 Ga. 324, 329-331 (578 SE2d 438) (2003); *Wright v. State*, 274 Ga. 305, 307 (553 SE2d 787) (2001).

[5] See, e.g., *People v. Gainer*, 566 P2d 997, 1006 (Cal. 1977) ("It is simply not true that a criminal case 'must at some time be decided. The possibility of a hung jury is an inevitable by-product of our unanimous verdict requirement. Confronted with a mistrial, the People retain the authority to request dismissal of the action.' "); *Commonwealth v. Rodriquez*, 300 NE2d 192, 201-203 (Mass. 1973); *State v. Campbell*, 294 NW2d 803, 808-813 (Iowa 1980).

[6] Id.

[7] See ABA Standards for Criminal Justice § 15-5.4 (3d ed. 1996).

[8] *Romine v. State*, 256 Ga. 521, 526-527 (350 SE2d 446) (1986).

[9] *Legare v. State*, 250 Ga. 875, 876-877 (302 SE2d 351) (1983).

[10] 566 P2d 997.

[11] Id. at 1006.

[12] See n. 5, supra.

and because such an inaccurate charge should not be given in a criminal trial,[13] we now hold that the "must-be-decided" charge should no longer be included in *Allen* charges in this State.

This conclusion does not end our inquiry, however. We must still decide "whether the instruction is so coercive as to cause a juror to 'abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors.' "[14] We conclude that, because the "must-be-decided" language constituted but one small portion of an otherwise balanced and fair *Allen* charge, it did not render the charge impermissibly coercive.[15] In addition, the jury deliberated about three hours, which included some break for lunch, before sending the trial court a note regarding their deadlock. The trial court gave the *Allen* charge about 2:45 p.m., and the jury deliberated until 5:00 p.m. before returning their verdict. Thus, the jury deliberated about the same amount of time after the *Allen* charge as it did before, a factor that indicates a lack of coercion in the charge.[16] Moreover, the trial court polled the jurors and "each one affirmed that the verdicts announced were the ones that he or she had reached and agreed upon."[17]

For the foregoing reasons, we conclude that, when giving an *Allen* charge to a deadlocked jury, trial courts in this State should no longer include language stating that the case "must be decided by some jury." We also conclude, however, that the charge was not impermissibly coercive under the circumstances of this case. Accordingly, we affirm Burchette's conviction.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 2004 —
RECONSIDERATION DENIED JUNE 4, 2004.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Philip C. Smith, District Attorney, Rand J. Csehy, Penny A. Penn, Assistant District Attorneys*, for appellee.

---

[13] See *Romine*, 256 Ga. at 526-527; *Legare*, 250 Ga. at 876-877.
[14] *Mayfield*, 276 Ga. at 330, quoting *Wright*, 274 Ga. at 305.
[15] See *Campbell*, 294 NW2d at 810; *Rodriquez*, 300 NE2d at 200-201.
[16] See *Campbell*, 294 NW2d at 811.
[17] *Mayfield*, 276 Ga. at 331. Accord *Stephens v. State*, 261 Ga. 356, 357 (405 SE2d 470) (1991).