A04A1850. WEEKS v. THE STATE.
(602 SE2d 882)

ELDRIDGE, Judge.

A Gwinnett County jury found James Garfield Weeks guilty of hijacking a motor vehicle and aggravated assault, which charges arose when Weeks approached Jeffery Johnson at the Chevron gas station on Brook Hollow Parkway near Indian Trail, shot him, and took his car.[1] He appeals and, upon review of the enumerated errors, we affirm.

1. Weeks first challenges the sufficiency of the evidence supporting his conviction. On appeal, we view the evidence in the light most favorable to support the jury's verdict; an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] So viewed, we find that Jeffery Johnson's in-court identification of Weeks as the man who approached him at the Chevron station, demanded his car keys, shot him twice, and then took his car is sufficient for a rational trier of fact to have found Weeks guilty beyond a reasonable doubt of hijacking a motor vehicle and aggravated assault. Weeks' contrary arguments address Johnson's credibility and the strength of the State's evidence; accordingly, these arguments present no basis for reversal.[3]

---

[1] Weeks was found not guilty of additional charges of armed robbery, hijacking a motor vehicle, and aggravated assault.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000).

[3] Id.

2. Next, Weeks claims error in the denial of his challenge to the grand jury, which was filed after indictment. As a general rule, a grand jury challenge must be made prior to the return of the indictment or it is deemed waived.[4] The exception to the rule is where the defendant can show that he had neither actual nor constructive notice of the alleged illegality prior to that time.[5] Here, the challenge to the grand jury was premised not on its composition, but upon its allegedly illegal administration under the "Gwinnett Judicial Circuit Jury Plan," which has been a matter of public record since 1989. In that regard, Weeks did not claim ignorance of the alleged illegality, but claimed that he was unaware that he was going to be indicted on January 30, 2002. However, during the hearing on the challenge, Weeks testified that his attorney had represented him since the preliminary hearing on October 31, 2001; that the judge informed Weeks at the preliminary hearing, "I'm going to bind your case over to the Superior Court and to the Grand Jury of Gwinnett County"; that, the day after the preliminary hearing, Weeks' attorney informed him that his case would be presented to the grand jury; and that he knew his case was going to go to the grand jury. We do not find relevant that Weeks was ignorant of the precise date that he was to be indicted; what is relevant is that he had three months after bindover during which he was aware that indictment was imminent, and yet he failed to file his challenge to the grand jury's allegedly illegal administration. Under these circumstances, the trial court's denial of Weeks' challenge to the grand jury as untimely was not error.

3. In his third enumeration of error, Weeks contends the trial court erred in denying his motion for continuance "to allow him to investigate critical, potentially exculpatory evidence which had just come to light." We find no error.

The allegedly exculpatory evidence at issue here was a pair of latent palm prints collected from outside the driver's door window of Jeffery Johnson's vehicle; the print card was then lost. On the day of trial, Weeks sought a continuance in order to attempt to find the card and have it tested so that, in the event of a nonmatch, he could argue to the jury that the prints on the hijacked vehicle were not his. We, however, fail to see the exculpatory value of such nonmatch evidence. The record shows that Johnson's driver's door was standing open when the vehicle was hijacked; so, there is no evidence that the

---

[4] *Cunningham v. State*, 248 Ga. 558 (1) (284 SE2d 390) (1981); *Sanders v. State*, 235 Ga. 425, 426 (219 SE2d 768) (1975), superseded by statute in death penalty cases as discussed in *Godfrey v. Francis*, 251 Ga. 652, 654, n. 1 (308 SE2d 806) (1983). Compare *Walraven v. State*, 250 Ga. 401, 405 (1) (297 SE2d 278) (1982).

[5] *Hamby v. State*, 243 Ga. 339 (1) (253 SE2d 759) (1979).

perpetrator touched the outside driver's door window so as to make relevant a nonmatch. In addition, the lost prints were collected after the vehicle had been abandoned at a residence in Atlanta, transported by a wrecker service, and left at a tow yard; thus, the sheer number of persons who may have touched Johnson's vehicle after the hijacking would render a nonmatch worthless as exculpatory evidence demonstrating Weeks' innocence. Finally, there has been no showing that the lost print card would have been located if a continuance had been granted; notably, at the hearing on the motion for new trial some seven months after the continuance motion, Weeks had still not located the card.

A motion for a continuance is addressed to the sound discretion of the trial court, and the court's denial of such motion will not provide grounds for reversal absent an abuse of that discretion.[6] Weeks has asserted no facts which would justify a finding that the trial court abused its discretion in denying the motion for a continuance. Accordingly, we find no grounds for reversal.

4. In a pretrial motion to suppress, Weeks sought to exclude from evidence a photographic identification of him by Jeffery Johnson because the photographic lineup was unduly suggestive. We have reviewed the testimony of the State-certified crime scene technician, who was qualified as an expert in the generation of photographic lineups, and we have examined the array, which was included in the record. We do not find the photographic lineup to be impermissibly suggestive. While Weeks points out differences in the various pictures, such as background, clothing, and facial hair, he fails to show how such differences made him stand out from the other lineup participants in an arbitrary or apparent way so as to "suggest" to Johnson that he was the perpetrator.[7] As for the investigating detective's comment to Johnson, "You did good," the record shows that this comment was made in appreciation of Johnson's taking the time off from work to come to the station; accordingly, Weeks' claims that the comment was in response to Johnson's lineup choice is patently incorrect.

5. For the reasons articulated in *Burchette v. State*,[8] decided after the trial of the instant case, the *Allen* charge given in this case was improper. However, for the reasons also articulated in *Burchette*, we conclude that the *Allen* charge as a whole was not impermissibly coercive. The jury deliberated approximately four hours prior to the

---

[6] *Bunge v. State*, 149 Ga. App. 712, 713 (1) (A) (256 SE2d 23) (1979).

[7] *Evans v. State*, 261 Ga. App. 22, 23 (1) (a) (581 SE2d 676) (2003). Accord *Williams v. State*, 275 Ga. 622 (2) (571 SE2d 385) (2002).

[8] *Burchette v. State*, 278 Ga. 1 (596 SE2d 162) (2004).

charge and approximately five hours after the charge was given, "a factor that indicates a lack of coercion in the charge."[9] In addition, during the post-verdict jury poll, each juror affirmed the verdict.[10] Under these circumstances, reversal is not required.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur in judgment only.*

DECIDED AUGUST 3, 2004.

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.