## A05A0550. BURGE v. THE STATE.
### (614 SE2d 158)

MILLER, Judge.

Anthony Dean Burge appeals from convictions for obstruction and public drunkenness on the ground that the trial court delivered an improper *Allen*[1] charge to the jury. We find no error and affirm.

Burge's single enumeration of error is that in light of *Burchette v. State*, 278 Ga. 1, 2-3 (596 SE2d 162) (2004), in which the Supreme Court of Georgia disapproved an *Allen* charge including language that the case "must be decided by some jury," the *Allen* charge in his own case was likewise erroneous. We disagree.

Burge's trial was held in July 2002, nearly two years before the Supreme Court concluded in *Burchette* that "trial courts in this state *should no longer* include language stating that [a] case 'must be decided by some jury.' " (Emphasis supplied.) Id. at 3. Even if we were to ignore the plainly prospective language of *Burchette* and apply its holding to a charge delivered well before that decision was made, Burge would still need to show that "the instruction [was] coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." (Punctuation and footnote omitted.) *Williams v. State*, 248 Ga. App. 628, 630 (3) (548 SE2d 350) (2001). Here, Burge did not object to the charge given, "and considering the charge in its entirety, we find that the language of the charge was not coercive and that it did not place undue pressure on the members of the jury to abandon their convictions." (Punctuation and footnote omitted.) Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2005.

*Bret E. Rudeseal*, for appellant.

[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney,* for appellee.