(115 P.3d 776)
No. 92,249

STATE OF KANSAS, *Appellee*, v. EUGENE C. TURNER, *Appellant*.

Opinion filed July 15, 2005.

*Shawn E. Minihan*, assistant appellate defender, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

MALONE, J.: Eugene C. Turner appeals his conviction and sentence for possession of cocaine, no drug tax stamp, and misde-

meanor theft. Turner claims the trial court erred in instructing the jury. Specifically, he complains about language included by the trial court in the deadlocked jury instruction and the presumption of innocence instruction. He further claims the trial court erred in requiring him to reimburse the State Board of Indigents' Defense Services (BIDS) for administrative fees and attorney fees. We affirm.

The facts are straightforward. On February 11, 2003, Turner was stopped by the police on suspicion of leaving a Quick Trip without paying for gasoline. The police officer testified that as he activated his emergency lights, Turner pitched a baggie out the car window. The contents of the baggie were later determined to be crack cocaine. Turner was arrested and charged with one count each of possession of cocaine, no drug tax stamp, and misdemeanor theft. He received appointed counsel.

A jury convicted Turner as charged. Turner was sentenced to 15 months' imprisonment and was granted probation. He was assessed a $50 BIDS administrative fee and $1,405 in attorney fees. Turner timely appeals. Additional facts will be discussed in addressing the issues.

### Deadlocked jury instruction

Turner first claims the trial court erred in giving a deadlocked jury instruction, or *Allen* instruction, to the jury. See *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896). Over Turner's objection, the trial court gave Instruction No. 11 before the jury retired to begin deliberations. Instruction No. 11 stated:

"This is an important case. If you should fail to reach a decision, this case is left open and undecided. *Like all cases, it must be decided sometime.* Another trial would be a heavy burden on both sides.

"There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

"Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

"This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely

because of the opinion of other jurors or because of the importance of arriving at a decision.

"This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

"You may be as leisurely in your deliberations as the occasion may require and take all the time you feel necessary." (Emphasis added.)

On appeal, Turner specifically takes issue with the third sentence of the instruction which states: "Like all cases, it must be decided sometime." Turner argues this is an incorrect statement of the law which prejudiced the jury against Turner by forcing it to make a decision.

When a defendant objects to a jury instruction, the standard of review is as follows:

"When reviewing challenges to jury instructions, this court must consider the instructions as a whole and not isolate any one instruction. ' "If the instructions properly and fairly state the law as applied to the facts of the case, and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. [Citations omitted.]" ' " *State v. Mays*, 277 Kan. 359, 378-79, 85 P.3d 1208 (2004).

The instruction given by the trial court was drawn directly from Pattern Instructions for Kansas—Criminal 3d 68.12 (PIK Crim. 3d 68.12). The use of PIK instructions is strongly recommended, albeit not mandatory, as the pattern instructions have been developed by a knowledgeable committee. However, if particular facts in a given case require modification of the applicable pattern instruction, or the addition of some instruction not included in PIK, a trial court should not hesitate to make such modification or addition. Absent such need, PIK instructions and recommendations should be followed. *State v. Franklin*, 264 Kan. 496, 505, 958 P.2d 611 (1998).

The common objection to an *Allen* instruction is that it forces the jury to reach a verdict when there may be honest disagreement among the jurors. However, the potential coercive effect of an *Allen* instruction depends largely on when the instruction is given to the jury. In *State v. Makthepharak*, 276 Kan. 563, 569, 78 P.3d 412 (2003), the Kansas Supreme Court held that disapproval of

*Allen*-type instructions "has been limited to situations in which such an instruction was given to a jury after deliberations were in progress." The court also stated that "[i]n contrast, we have held that it is not error to give this type of an instruction before a jury retires to begin deliberations. [Citations omitted.]" 276 Kan. at 569; see PIK Crim. 3d 68.12, Notes on Use (instruction can be given with other instructions at the conclusion of the case).

Here, the trial court gave the *Allen* instruction with the other instructions before the jury retired to begin deliberations. Although the Kansas Supreme Court has approved the use of PIK Crim. 3d 68.12 by trial courts in this situation, this is the first Kansas case where a defendant has challenged specific language of the instruction.

Turner's argument about the language of PIK Crim. 3d 68.12 has merit. The third sentence of the instruction states: "Like all cases, it must be decided sometime." This is an inaccurate statement of the law. For instance, if there is a hung jury in a case the prosecutor might choose not to retry the defendant, in which instance the case is dismissed without prejudice and never really decided.

Turner cites four cases from other states involving the use of *Allen* instructions to support his complaint about the language of PIK Crim. 3d 68.12. A significant distinguishing fact in each case is that the *Allen* instruction was given after the jury had already commenced deliberations. Nevertheless, the cases are instructive because they address the specific language about which Turner now complains. In *People v. Gainer*, 19 Cal. 3d 835, 851-52, 139 Cal. Rptr. 861, 566 P.2d 997 (1977), the California Supreme Court disapproved language in an *Allen* instruction which stated that the case "must at sometime be decided," and noted that the statement was legally inaccurate. The court reversed the defendant's conviction due to the *Allen* instruction, but the opinion primarily focused on other language of the instruction which pressured dissenting jurors to concede to the will of the majority. 19 Cal. 3d at 847-52. Regarding the language that the case "must at sometime be decided," the court held a per se rule of reversal was not required,

but the facts of each case should be examined for prejudice. 19 Cal. 3d at 855.

In *State v. Campbell*, 294 N.W.2d 803, 808, 811 (Iowa 1980), the Iowa Supreme Court disapproved language in an *Allen* instruction which stated that the case "must be decided by some jury," and noted that the statement was legally inaccurate. However, the court also found that the statement was not likely to be prejudicial to a defendant. The court affirmed the defendant's conviction but provided guidance to the trial bench that a different instruction be used in the future. 294 N.W.2d at 812.

In *Burchette v. State*, 278 Ga. 1, 2, 596 S.E.2d 162 (2004), the Georgia Supreme Court also concluded that an *Allen* instruction which stated that the case "must be decided by some jury" was inaccurate. However, because the language constituted a small portion of an otherwise balanced and fair instruction, the court found the instruction was not impermissibly coercive. The court advised trial courts to no longer use the inaccurate language. 278 Ga. at 3.

Finally, in *Commonwealth v. Rodriguez*, 364 Mass. 87, 98-99, 300 N.E.2d 192 (1973), the Massachusetts Supreme Court noted that the statement in an *Allen* instruction that "the case must at some time be decided" was a misstatement, even if a slight one, and had a tendency toward coercion. The court did not find prejudice but recommended a change in the future for "the better administration of criminal justice." 364 Mass. at 98.

We agree with the analysis and approach taken on this issue by courts in other states. The language of PIK Crim. 3d 68.12 which instructs the jury that "[l]ike all cases, it [the case] must be decided sometime" is disapproved as an inaccurate statement of the law. However, our disapproval of this specific language does not require reversal of Turner's conviction.

As previously noted, when reviewing challenges to jury instructions, we must consider the instructions as a whole and not isolate any one instruction. If the instructions properly and fairly state the law as applied to the facts of the case, and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous. *Mays*, 277 Kan. at 378-79. In Turner's case, the fact that the trial court gave

the *Allen* instruction prior to the jury retiring for deliberations is still important in assessing the potential coercive effect of the instruction. There is nothing in the record to support Turner's claim that his jury was pressured to reach a verdict. We conclude that the trial court's instructions as a whole properly and fairly stated the law as applied to the facts of Turner's case. The jury could not reasonably have been misled by the instructions.

### Presumption of innocence instruction

Turner next claims the trial court failed to properly instruct the jury on the presumption of innocence. The trial court gave Instruction No. 4 to the jury, which stated:

"The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty *until you are convinced* from the evidence that he is guilty.

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty." (Emphasis added.)

On appeal, Turner argues the phrase "until you are convinced" misled the jury into believing that at some point it was expected to be convinced of Turner's guilt. Turner asserts that the phrase "unless you are convinced" would have been a better instruction on presumption of innocence.

Because Turner did not object to the instruction as given, review is under a clearly erroneous standard. See *State v. Daniels*, 278 Kan. 53, 57, 91 P.3d 1147, *cert. denied* 543 U.S. 982 (2004). "Instructions are clearly erroneous only if the reviewing court is firmly convinced there is a real possibility that the jury would have rendered a different verdict if the error had not occurred." *State v. Davis*, 275 Kan. 107, 115, 61 P.3d 701 (2003).

The jury instruction given in this case was drawn directly from PIK Crim. 3d 52.02. As already noted, the PIK instructions are strongly recommended for use by Kansas trial courts. *Makthepharak*, 276 Kan. at 569.

The statutory source of PIK Crim. 3d 52.02 is K.S.A. 21-3109, which provides: "A defendant is presumed to be innocent *until* the contrary is proved." (Emphasis added.) Thus, the instruction given to the jury in Turner's case was drawn directly from the recommended PIK instruction which also mirrored the statutory language on presumption of innocence.

Moreover, the Kansas Supreme Court has previously held that "the provisions of PIK Crim. 3d 52.02 accurately reflect the law of this State and properly advise the jury in a criminal case of the burden of proof, the presumption of innocence, and reasonable doubt." *State v. Clark*, 261 Kan. 460, 475, 931 P.2d 664 (1997); *State v. Pierce*, 260 Kan. 859, 870, 927 P.2d 929 (1969).

The Kansas Supreme Court squarely addressed the use of the word "until" in PIK Crim. 3d 52.02 in *State v. Wilkerson*, 278 Kan. 147, 158, 91 P.3d 1181 (2004). Although the court found PIK Crim. 3d 52.02 "would have been improved by the substitution of the word 'unless' for the word 'until,' " the court did not believe the instruction as written required reversal. 278 Kan. at 158. The court concluded that the instructions taken as a whole accurately stated the law and could not have misled the jury. The *Wilkerson* court did not address the language of K.S.A. 21-3109 in its analysis.

Turner asserts the trial court's instruction could have misled the jury into convicting him by encouraging the jury to abandon the presumption of innocence. However, by focusing on one word, Turner ignores the remaining text of the instruction which stated: "If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty." This language directly rebuts Turner's argument that the jury could have been misled.

The distinction between the words "until" and "unless" is subtle, given the natural usage of the words in common language. *State v. Beck*, 32 Kan. App. 2d 784, 787, 88 P.3d 1233 (2004). As used in this context and reading the instructions as a whole, we conclude the jury could not reasonably have been misled regarding the presumption of Turner's innocence. Moreover, there is nothing in the record to suggest a real possibility that the jury would have rendered a different verdict if the word "unless" had been substituted

for "until." Accordingly, applying *Wilkerson,* we conclude the trial court's instruction on presumption of innocence was not reversible error.

### Reimbursement of BIDS fees

Finally, Turner claims the trial court erred in ordering him to pay a BIDS administrative fee of $50 and attorney fees of $1,405. Turner argues the trial court failed to consider his financial resources before imposing the fees, as required by K.S.A. 2004 Supp. 22-4513(b).

At Turner's sentencing, the trial judge stated: "I will make a finding that attorney's fees in this case are in the amount of $1,405 plus the 50-dollar administrative fee." The fees imposed by the trial court were consistent with the BIDS reimbursement tables as authorized by K.S.A. 2004 Supp. 22-4522(e)(2). Turner was present at sentencing when the trial court imposed the fees. He neither objected nor raised any concern to the trial court about his ability to pay the fees.

Turner failed to raise this issue at the trial court level. Issues not raised before the trial court cannot be raised on appeal. *State v. Williams,* 275 Kan. 284, 288, 64 P.3d 353 (2003). Exceptions to this general rule are made where: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal although that court may have relied upon the wrong ground or assigned a wrong reason for its decision. *State v. Wiegand,* 275 Kan. 841, 844-45, 69 P.3d 627 (2003). Turner's claim does not fit within any of these recognized exceptions. Accordingly, we decline to address the merits of Turner's arguments concerning reimbursement of BIDS fees.

Affirmed.