A05A1363. SMITH v. THE STATE.
(619 SE2d 694)

BLACKBURN, Presiding Judge.

Following a jury trial, Tommy Lee Smith appeals from his conviction of theft by shoplifting, contending that the trial court erred

---

[18] *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

by: (1) refusing to instruct the jury on the crime of theft by receiving stolen property as a lesser included offense of theft by shoplifting; (2) not granting a directed verdict of acquittal because the State failed to exclude every reasonable conclusion from the circumstantial evidence presented; (3) granting of a directed verdict as to some items in the accusation, but not as to all; (4) commenting on the evidence in its grant of a partial directed verdict; (5) allowing evidence of allegedly improperly-obtained prior convictions in the sentencing phase; (6) giving a disapproved *Allen* charge to the jury; and (7) improperly denying his motion for mistrial when the State failed to introduce all the similar transaction evidence of which it had notified him. Finding no error, we affirm.

On appeal in a criminal case, we review the sufficiency of the evidence

> in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.

(Punctuation omitted.) *Lewis v. State*.[1]

1. Smith first contends that the trial court erred by refusing to instruct the jury on the crime of theft by receiving stolen property as a lesser included offense of theft by shoplifting.

The evidence, construed most favorably to support the verdict, *Collins v. State*,[2] shows that Smith was walking through a store's security sensors when the store's theft alarms went off. The owner, who witnessed Smith run out of the store, gave chase. A police officer joined the chase and apprehended Smith and recovered a bag bearing the store's name containing various items of merchandise without a receipt.

At trial, Smith posited the theory that one of the store's other employees, who could have been working that day and was later terminated from employment due to theft of money, could have handed the items to Smith prior to him leaving the store without him knowing that they had not been paid for. That theory formed the basis for Smith's request to charge on theft by receiving stolen property as a lesser included offense despite the fact that no evidence of any handing over of the goods was presented.

---

[1] *Lewis v. State*, 247 Ga. App. 808, 809 (1) (545 SE2d 381) (2001).
[2] *Collins v. State*, 253 Ga. App. 899, 900 (1) (560 SE2d 767) (2002).

The standard of review is set forth in *Tumlin v. State.*[3] "Where the state's evidence establishes all the elements of an offense and there is no evidence raising a lesser offense, then the court does not err in failing to charge on the lesser offense." Id. at 565-566. The evidence here established the offense of theft by shoplifting, but not of theft by receiving. Thus, the trial court did not err in refusing to give the charge.

2. Smith next argues that the trial court erred by not granting a directed verdict of acquittal because the State failed to exclude every reasonable conclusion from the circumstantial evidence presented. We disagree.

We will uphold a verdict based on circumstantial evidence unless that verdict is unsupportable as a matter of law. *Sirmans v. State.*[4] "A conviction based on circumstantial evidence is authorized only if the proven facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused, and if it meets this test, circumstantial evidence is as probative as direct evidence." (Citation and punctuation omitted.) Id. The evidence shows that Smith was in the lobby of the store when the alarm was triggered, that he ran, that he was apprehended, that a bag from the store was recovered, and that the bag contained a number of items from the store but no receipt. This is sufficient to authorize conviction for shoplifting.

Further, we disagree with Smith that the evidence was entirely circumstantial. Smith triggered the store's theft alarm as he walked through the sensors with a bag full of the store's goods in hand. The items in the bag that Smith carried as he ran were from the store and there was no receipt for them. This is at least some direct evidence of theft. "[S]ince there was both direct and circumstantial evidence of guilt, the circumstantial evidence rule requiring exclusion of every other reasonable hypothesis does not apply." *Lowery v. State.*[5] Since a conviction will be upheld if there is some competent evidence to support it, *Bacon v. State,*[6] the trial court did not err in refusing to direct a verdict.

3. Smith next claims error in the granting of a directed verdict as to some items in the accusation, but not as to all. Again, we disagree.

The subject accusation contained one count charging Smith with "the offense of theft by shoplifting for that the said Tommy Lee Smith . . . did take possession of certain merchandise, to wit: six (6)

[3] *Tumlin v. State,* 264 Ga. App. 565 (591 SE2d 448) (2003).
[4] *Sirmans v. State,* 195 Ga. App. 835, 836 (3) (395 SE2d 307) (1990).
[5] *Lowery v. State,* 264 Ga. App. 655, 656 (1) (592 SE2d 102) (2003).
[6] *Bacon v. State,* 249 Ga. App. 347, 348 (1) (548 SE2d 78) (2001).

journals and daily planners, two (2) ink pads, and two (2) wrenches, the property of Junkman's Daughter's Brother." At the close of the evidence, the trial court directed a verdict as to the ink pads and wrenches, since they were the property of other stores, but not as to the journals and daily planners.

In its well-written order denying Smith's motion for new trial, the trial court succinctly explained that OCGA § 17-9-1 (a) specifically allows for partial directed verdicts. Nevertheless, Smith argues the existence of a fatal variance between the allegata and the probata, insofar as he was charged in the conjunctive for having stolen all three items from the store, while the evidence only showed that he stole one.

Georgia courts do not follow an overly technical application of the fatal variance rule, but rather look to determine whether the variance, if any, affected the accused's substantial rights. *Rubaldino v. State*.[7] "The fatal variance rule requires that the allegations definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and the allegations must be adequate to protect the accused against another prosecution for the same offense." (Punctuation omitted.) Id. Here, Smith was not surprised, and he cannot be prosecuted later for the same offense. His substantial rights thus were not affected and the trial court did not err in refusing to direct a verdict as to the full count.

4. Smith next contends that the trial court erred in commenting on the evidence in its grant of a partial directed verdict.

The jury questioned the inclusion of the ink pads and wrenches on the accusation when the court had directed a verdict as to those items. At the request of the State, and over the defense's objection, the judge explained that he had directed a verdict on those items because no evidence was presented that they were stolen.

> OCGA § 17-8-57 prohibits a judge in a criminal case from expressing or intimating his or her opinion as to what has or has not been proved or as to the guilt of the accused. To violate the statute, the comments must focus on a disputed issue of fact. The purpose of this limitation, in part, is to prevent the jury from being influenced by any disclosure as to the judge's opinion of a witness's credibility. A violation of the statute requires a new trial.

(Citations and punctuation omitted.) *Jordan v. State*.[8]

---

[7] *Rubaldino v. State*, 271 Ga. App. 726, 728 (1) (611 SE2d 68) (2005).
[8] *Jordan v. State*, 259 Ga. App. 551, 552-553 (578 SE2d 217) (2003).

While OCGA § 17-8-57 bars trial judges from commenting on the evidence, it has no application here. The judge's explanation here is not an expression of opinion on the remainder of the evidence in the case. This argument is without merit.

5. Smith contends that the trial court erred in allowing evidence of improperly-obtained prior convictions in the sentencing phase.

The record shows that at sentencing, evidence of prior convictions was introduced which resulted in felony and recidivist sentencing. Smith opposed the introduction of one of the convictions because he was neither represented by counsel nor fully informed that he would be presumed innocent at trial, and because he was not properly informed of his right to counsel.

We review this allegation utilizing the standard of review set forth in *Nash v. State.*[9] "[T]he burden of production is on the recidivism defendant rather than the State when the defendant seeks under *Boykin v. Alabama*[10] to challenge the validity of a prior guilty plea used to enhance a sentence." Id. at 284. The State need only show the existence of the prior guilty plea and that the defendant was represented by counsel. Id. If the defendant was not represented, the State must show a waiver of counsel. Id. "Upon such a showing, the presumption of regularity is then applied and the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." Id. at 285.

Smith contends that on his prior plea he had not been advised of certain rights, such as the presumption of innocence or the right to make the State prove his guilt beyond a reasonable doubt. The plea form belies these claims, insofar as it specifically states that Smith had "the right to make the State prove [him] guilty beyond a reasonable doubt."

Smith also argues that the form does not contain a proper waiver of counsel, and that he was not informed of the dangers of self-representation. The form, however, clearly provided that he had "the right to have the assistance of [a] lawyer at all stages of the proceedings" and that if he did not "have enough money, and [could not] obtain funds to hire [an] attorney, the Court [would] consider appointing" one to represent him. The form also informed him that

a lawyer might be able to discover a defense to the charges brought against [him] or offer evidence which might benefit

---

[9] *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999).
[10] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

> [him] in so far as the Court's sentence is concerned. Nevertheless, [he] read the accusation against [him], [he] understood] the nature of the charges and the consequences of [his] plea, and [he] freely and voluntarily waive[d] benefit of counsel.

We find this to be more than sufficient to waive the right to counsel. See *Clowers v. Sikes.*[11]

6. Smith claims the trial court erred in giving the *Allen* charge in the then-current Pattern Jury Instructions upon learning that the jury was deadlocked. Smith relies on *Burchette v. State,*[12] decided approximately seven months after this trial concluded, which disapproved certain language in the *Allen* charge given here, and held that the language should no longer be given.

We review such an error of law de novo, *State v. Ellison,*[13] and first note that nothing in *Burchette* required its retroactive application. We also note that *Burchette* found that on balance the charge is not impermissibly coercive. Id. In our case, the jury deliberated for approximately one hour after the *Allen* charge, demonstrating that it did not simply rush to a conclusion. *Graham v. State.*[14] Under the facts here, the *Allen* charge as given was not error.

7. Smith's final enumeration of error is that the trial court erred in denying his motion for mistrial when the State failed to introduce all the similar transaction evidence of which it had notified him. We review such a contention for abuse of discretion. *Tuggle v. State.*[15]

Prior to the start of the trial, Smith was served with notice of the State's intent to introduce similar transactions to prove bent of mind and course of conduct. His attorney questioned potential jurors as to whether they were familiar with the stores or employees involved in the similar transactions. At trial, however, the State successfully introduced only one similar transaction. The State's failure in this regard, Smith claims, caused him prejudice during jury selection.

Smith cites no authority that would require the State to call every witness it lists in its pre-trial notifications, and we have found none. There was, therefore, no abuse of discretion in the trial court's ruling.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

---

[11] *Clowers v. Sikes,* 272 Ga. 463 (532 SE2d 98) (2000).
[12] *Burchette v. State,* 278 Ga. 1 (596 SE2d 162) (2004).
[13] *State v. Ellison,* 271 Ga. App. 898, 901 (3) (611 SE2d 129) (2005).
[14] *Graham v. State,* 273 Ga. App. 187, 189 (2) (614 SE2d 815) (2005).
[15] *Tuggle v. State,* 211 Ga. App. 854, 855 (2) (440 SE2d 740) (1994).

DECIDED JULY 27, 2005 —
RECONSIDERATION DENIED AUGUST 11, 2005 —

*Debra M. Finch, Benjamin A. Pearlman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Patricia K. Atwill, Assistant District Attorney*, for appellee.