## A05A2016. TURNER v. THE STATE.
### (621 SE2d 830)

BLACKBURN, Presiding Judge.

Following a jury trial, Bernard Turner appeals his 2003 conviction for armed robbery, arguing only that the court erred in instructing the jury during an *Allen* charge that the case "must be decided by a jury." We hold that this was not reversible error.

In 2004, *Burchette v. State*[1] held that, "when giving an *Allen* charge to a deadlocked jury, trial courts in this State should no longer include language stating that the case 'must be decided by some jury.' "[2] At least one subsequent case has emphasized the "plainly prospective language" used in *Burchette*, implying that the holding should not be applied to cases tried before *Burchette. Burge v. State*.[3] See *Smith v. State*[4] ("nothing in *Burchette* required its retroactive application"). Cf. *Drogan v. State*[5] ("[f]irst, we note that [defendant's] trial was held on April 5 and 7, 2004, prior to the decision in *Burchette* on May 3, 2004"). Here, Turner's trial took place in 2003, well before the *Burchette* decision.

Nevertheless, even if we were to apply the *Burchette* holding here, reversal would not be required. *Burchette* itself did not reverse the defendant's conviction, reasoning that the erroneous instruction was not so coercive as to cause a juror to abandon an honest conviction where (i) it was only a small portion of an otherwise balanced and fair

---

[1] *Burchette v. State*, 278 Ga. 1, 3 (596 SE2d 162) (2004).

[2] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), Part 5 (J), pp. 156-157 (2001).

[3] *Burge v. State*, 273 Ga. App. 38 (614 SE2d 158) (2005).

[4] *Smith v. State*, 275 Ga. App. 60, 65 (6) (619 SE2d 694) (2005).

[5] *Drogan v. State*, 272 Ga. App. 645, 648 (2) (613 SE2d 195) (2005).

*Allen* charge, (ii) the jurors deliberated another two hours before reaching a verdict (comparable to the hours spent deliberating before the *Allen* charge was given), and (iii) the trial court polled the jurors with each juror affirming that the announced verdict was the one he or she had reached. *Burchette*, supra at 3.

Similarly, the defective language here was only a small portion of the pattern *Allen* charge that was otherwise fair and balanced. See *Nowill v. State*[6] (no coercion shown where "the 'must-be-decided' language contained in the *Allen* charge . . . constituted only a small portion of an otherwise fair and balanced charge"). The jurors deliberated for just over two hours before sending a note indicating a deadlock and receiving the *Allen* charge, and then deliberated for at least one and one-half hours after the *Allen* charge before reaching a verdict. See *Smith*, supra at 65 (6) (no coercion found where jurors deliberated for one hour after receiving defective *Allen* charge); *Clark v. State*[7] (no coercion found where jurors deliberated for one and one-half hours after receiving defective *Allen* charge). Following the verdict, the court also individually polled the jurors, each of whom affirmed the verdict. See *Graham v. State*[8] (polling of jury helps show no coercion from defective *Allen* charge). Combined with the jury's decision to acquit Turner on two of the three charges, these circumstances show that the "must-be-decided" language did not unduly coerce the jury to reach a verdict against Turner. See *Clark*, supra at 538 (4).

We discern no reversible error.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 4, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

[6] *Nowill v. State*, 271 Ga. App. 254, 258 (3) (609 SE2d 188) (2005).
[7] *Clark v. State*, 271 Ga. App. 534, 538 (4) (610 SE2d 165) (2005).
[8] *Graham v. State*, 273 Ga. App. 187, 191 (2) (614 SE2d 815) (2005).