## A06A1006. BENSON v. THE STATE.
### (634 SE2d 821)

MIKELL, Judge.

Following a jury trial, Felix Benson was convicted of aggravated battery and false imprisonment. He was acquitted of kidnapping. He was sentenced to twenty years, to serve fifteen in prison and five on probation. The trial court denied Benson's motion for a new trial by order dated June 29, 2004, and Benson appeals. As his sole enumeration of error on appeal, Benson argues that the trial court erred in giving to the jury a written *Allen* charge which he asserts was coercive. We find no error and affirm.

Benson's trial took place in May 2003. After the jury had been in deliberations for about three hours, they inquired as to the consequences of their arriving at a verdict on only two of the three counts and having a split jury on the third count. The trial judge then orally instructed the jury, in part, "And as to the consequences, if you are unable to reach a verdict on the one count, that count *may have to be retried* before another jury selected in the same manner you have been selected. And there is no reason to think that a better jury could ever be found or more qualified jury could ever be chosen." (Emphasis supplied.) This was one small part of a longer, balanced instruction.[1]

---

[1] The complete oral *Allen* instruction given by the trial court was as follows:

We have received your communications. . . . [P]lease explain the consequences of a split jury on one count only, unanimous as to the other two charges.

And, therefore, the Court would deem it proper to advise you further with regard to the desirability of agreement, unanimous agreement if possible.

It is the law that a unanimous verdict is required. And while this must be the conclusion of each of you individually, yet – and not a mere acquiescence because other jurors feel one way or the other, it is necessary for all of you to examine your opinions and examine it with a view toward being convinced by the opinions of other jurors or with deference to the opinions of other jurors. A proper regard for the judgment of others will greatly aid us in forming our own judgment.

And as to consequences, if you are unable to reach a verdict on the one count, that count *may have to be retried* before another jury selected in the same manner you have been selected. And there is no reason to think that a better jury could ever be found or more qualified jury could ever be chosen.

Each juror should listen to the arguments of the other jurors with a disposition to be convinced by them. If you differ in your view of the evidence, then that difference of opinion shall cause all of you to look at the evidence again and scrutinize it more closely to reexamine the basis of your opinion.

Your duty is to decide the issues which have been submitted to you, if you can conscientiously do so. In conferring you should lay aside all mere pride of opinion

The jury foreman then asked for a written copy of the judge's instruction, and this written copy included the statement, "[T]he counts on which you're unable to reach an agreement *must be decided* by a jury selected in the same manner." (Emphasis supplied.) The jury then retired for further deliberations and returned after reaching its verdict. After the jury's verdict was published, the jury was polled and each juror individually indicated agreement with the verdict.

Appellant asserts on appeal that the written jury instruction was coercive, because it included the following language: "[T]he counts on which you're unable to reach an agreement *must be decided* by a jury selected in the same manner." (Emphasis supplied.) Relying on *Burchette v. State*,[2] appellant asserts that the trial court erred in so instructing the jury. We disagree. The *Burchette* decision does not require reversal in this case.

In *Burchette*, decided on May 3, 2004, our supreme court stated that, "when giving an *Allen* charge to a deadlocked jury, trial courts in this state should no longer include language stating that the case 'must be decided by some jury.' "[3] In subsequent cases, this court has "emphasized the 'plainly prospective language' used in *Burchette*,"[4] determining that the ban on the "must-be-decided" language should not be applied to cases tried before *Burchette*.[5] Here, Benson's trial took place in May 2003, well before the *Burchette* decision. Therefore, the mere use of language disapproved in *Burchette* does not warrant reversal.[6]

---

and bear in mind that the jury room is not a place for taking up or maintaining in a spirit of controversy either side of a cause. You should bear in mind that as jurors you are not advocates for either side. The aim to keep in view is the truth, as you find the truth to be from the evidence and with the application of the instructions of the Court. . . .

And, of course, you will have as much time as you need. Please do not feel rushed. I'm not giving you this instruction to cause you to hurry nor to cause anyone to change an opinion which is conscientiously held as stated.

(Emphasis supplied.)

[2] 278 Ga. 1 (596 SE2d 162) (2004).

[3] Id. at 3.

[4] (Citations and footnotes omitted.) *Turner v. State*, 275 Ga. App. 723 (621 SE2d 830) (2005).

[5] Id. (where the trial took place in 2003, well before the *Burchette* decision, the "must-be-decided" language in the *Allen* charge was not reversible error); *Smith v. State*, 275 Ga. App. 60, 65 (6) (619 SE2d 694) (2005) ("nothing in *Burchette* required its retroactive application" to instruction given in a trial that took place seven months before the *Burchette* decision); *Burge v. State*, 273 Ga. App. 38 (614 SE2d 158) (2005) (*Burchette* not applied to instruction in trial held in July 2002, almost two years before *Burchette*); *Drogan v. State*, 272 Ga. App. 645, 647-648 (2) (613 SE2d 195) (2005) (trial took place less than a month before *Burchette* decision; disapproved phrase in *Allen* charge was not reversible error).

[6] *Drogan*, supra at 648 (2) ("although the language indicating that the case 'must be decided by some jury' was disapproved in *Burchette*, the mere use of that language was not sufficient for reversal").

Nevertheless, even if we were to apply the Supreme Court's holding in *Burchette* here, reversal would not be required. As this court noted in *Turner*,[7] the Supreme Court in *Burchette* itself did not reverse the defendant's conviction there.[8] In *Burchette*, the court went on to determine "whether the instruction [was] so coercive as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors."[9] In determining whether coercion existed, the court in *Burchette* reasoned that

> the erroneous instruction was not so coercive as to cause a juror to abandon an honest conviction where (i) it was only a small portion of an otherwise balanced and fair *Allen* charge, (ii) the jurors deliberated another two hours before reaching a verdict (comparable to the hours spent deliberating before the *Allen* charge was given), and (iii) the trial court polled the jurors with each juror affirming that the announced verdict was the one he or she had reached.[10]

We will examine each of these indicators of coercion separately. First, we note that here, as in *Drogan*, "the disapproved phrase was only a small portion of an otherwise balanced and fair *Allen* charge and no showing has been made regarding coercion."[11] We also determine that there was no coercion here, especially in light of the fact that the trial court urged the jury to take their time.

Second, we note that the record here does not clearly indicate the length of time between the giving of the defective *Allen* charge and the return of the verdict. It is not necessary for the jury to deliberate for any particular length of time after the *Allen* charge is given, however, in order for the charge not to be considered coercive; other factors should be considered.[12]

The third factor considered by the court in *Burchette* was the polling of the jury. Here, each member of the jury was polled after the

---

[7] Supra.

[8] Id. at 723.

[9] (Punctuation and footnote omitted.) *Burchette*, supra at 3.

[10] *Turner*, supra at 723-724, citing *Burchette*, supra at 3. Accord *Nowill v. State*, 271 Ga. App. 254, 258 (3) (609 SE2d 188) (2005).

[11] *Drogan*, supra.

[12] Id. (defective *Allen* charge was not reversible error even though nothing in the record indicated the length of time between the giving of the charge and the return of the verdict). Accord *Graham v. State*, 273 Ga. App. 187, 191 (2) (614 SE2d 815) (2005) (defective *Allen* charge was not reversible error, even though "the jury spent less than an hour deliberating after the charge was given, which was substantially less than the six hours of deliberation that preceded the charge," as the court looked at other factors).

verdict was published, and each juror affirmed the verdict reached.

In addition to the factors considered in *Burchette* as set forth above, this court in *Turner* looked to the actual verdict reached by the jurors, who acquitted the defendant there on two of the three charges against him. The court determined that "these circumstances show that the 'must-be-decided' language did not unduly coerce the jury to reach a verdict against Turner."[13] Here, Benson was acquitted by the jury on one of the three charges against him, indicating that the *Allen* charge did not impermissibly coerce the jury. Therefore, under the facts in this case, the *Allen* charge as given does not require reversal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 25, 2006.

*Carl P. Greenberg,* for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney,* for appellee.

